UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

CURLIE HAMILTON                                    CHAPTER 13 CASE NO. 13-10301
         Debtor(s).

**CHAPTER 13 PLAN**
Check if Amended Plan ■

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** An Objection to Confirmation must be filed not later than seven (7) days prior to the date fixed for the Confirmation hearing and must state with particularity the grounds for the objection. See LBR 3015-2, which can be found at www.almb.uscourts.gov/lrules/index.htm, and must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a proof of claim to be paid. Confirmation of this plan does not bar the debtor, Trustee or a party in interest from objecting to a claim.

1. **PAYMENT AND LENGTH OF PLAN**
   Debtor(s) shall pay $ 52.00 per WEEK to the Chapter 13 Trustee beginning within 30 days of filing.
   The length of the plan is 48 months.

2. **FILING FEES**
   The Filing fee as prescribed by LBR 1006-1 shall be paid as follows:
   ○ Filing Fee paid in full directly to the Clerk of Court with the petition
   ○ Filing Fee is being paid in installments pursuant to LBR 1006-1 directly to the Clerk of Court.
   ● Filing Fee is being paid in installments pursuant to LBR 1006-1 through the debtor's Chapter 13 plan as follows:
   Total Filing Fee:                                           $281.00
   Initial Installment paid with filing of petition:            65.00
   Remaining Balance to be paid through Chapter 13 plan:       $216.00

3. **ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL**
   The following attorney's fees shall be paid through the debtor's plan payments:
   Total attorney fee                                                        $2,750.00
   Amount paid by the debtor prior to filing directly to attorney                 0.00
   Net attorney fee being paid through the Chapter 13 Plan disbursements     $2,750.00

4. **SECURED CLAIMS PAID THROUGH THE PLAN**

   The Debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this Plan, pursuant to §1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payment to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. §586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under Section 1325(a)(5).

Page -1-

| Creditor | Collateral Description | 910/365 Claim? Yes/No | Amount of Debt | Collateral Value | Interest Rate | §1326 PMSI Adeq. Prot? Yes/No | Adequate Protection Payment | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| FARMERS FURNITURE | PM - STOVE | YES | $800.00 | $800.00 | 4.25% | YES | $8.00 | $20.00 |
| FIRST FRANKLIN FINANCIAL | 1998 GMC SIERRA | NO | $2450.00 | $3500.00 | 4.25% | YES | $25.00 | $60.00 |

5. **LONG TERM DEBTS MAINTAINED THROUGH PLAN**
The Debtor proposes that the Trustee maintain the following long term debts through the plan. The Trustee shall make payments prior to confirmation of this Plan, to all of the following long term creditors indicated below. The Trustee shall commence making such payments to creditors holding allowed secured claims consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. §586(e) on all payments. Upon confirmation of this plan said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

6. **SURRENDERED PROPERTY**
Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim filed by such creditor will receive no distribution under this Plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
|  |  |  |  |

7. **CURING DEFAULTS**
Pursuant to §1322(b)(5) the debtor shall cure defaults with respect to the creditors indicated below:

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

Trustee shall pay the allowed claims for arrearages at 100% through this Plan. The amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein is an estimate, and in no way shall this estimate limit what the Trustee shall distribute to said creditor under this plan to cure the default.

8. **DIRECT PAYMENTS**
The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all §1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Case 13-10301   Doc 28   Filed 04/15/13   Entered 04/15/13 14:34:50   Desc Main
Document      Page 2 of 4

9. **DOMESTIC SUPPORT OBLIGATIONS**
The Debtor proposes that pre-petition Domestic Support Obligation arrearage claims indicated below shall be paid in full through this plan pursuant to §507(a)(1) unless the claimant agrees to some other treatment or the Court orders otherwise:

| Creditor | Total Arrearage | Specified Monthly Payment |
|---|---|---|
|  |  |  |

The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

10. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**
The Debtor will pay all priority claims pursuant to §507 unless claimant expressly agrees otherwise including the following:

| Claimant | Type of Priority | Scheduled Amount | Monthly Payment |
|---|---|---|---|
| INTERNAL REVENUE SERVICE | INCOME TAXES | $3536.00 | $80.00 |

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
Executory contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation §1326 adequate protection payments directly to the Lessors pursuant to the terms of the contract. For all contracts assumed, the debtor shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| RENT-A-CENTER | TV | ○ | ● |
| AT&T | CELL PHONE | ○ | ● |

12. **SPECIALLY CLASSIFIED UNSECURED CLAIMS**
The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt Specially Classified | Interest Rate | Specified Monthly Payment |
|---|---|---|---|
|  |  |  |  |

13. **UNSECURED CLAIMS**

> Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's Chapter 13 Plan at a rate of __ZERO (0)__ %, or pro rata participation in a "POT" Plan of _____ for the benefit of unsecured creditors, or until all allowed claims are paid in full. If this proposed dividend to unsecured creditors is less than 100%, debtors propose to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by §1325(b).

14. **OTHER PLAN PROVISIONS**

   (a) **Lien Retention**: Allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this plan.

   (b) **Vesting of Property of the Estate:**

   ○ Property of the Estate shall revest in the Debtor(s) upon confirmation of the debtor's plan.
   ● Property of the Estate shall remain property of the estate subsequent to confirmation of this plan.

   All property of the Estate whether it remains in the estate or revests with the debtor upon confirmation of the plan shall remain in the debtor's possession and control. The debtor shall have use of property of the estate, subject to the requirements of §363 of the Bankruptcy Code.

   (c) **Direct Payments by Debtor(s):** Secured creditors and lessors to be paid directly by the Debtor(s) may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

(d) **Confirmation:** Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor to the month in which they were made under the plan or directly by the debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(I).

(e) **Executory Contracts and/or Unexpired Leases:** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmation or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provision, whether arising under the Federal Arbitration Act or any state rule, statute or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

(f) **Rights Reserved:** Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statue or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Action violations, Fair Credit Reporting Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

(g) **Acceptance of Plan:** Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein.

(h) **Proof of Claims:** The debtor(s) reserve the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserve the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor(s) raises an objection to a filed proof of claim, or to a notice of transfer of a filed claim, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor(s) also reserves to the estate or the debtor(s) all claims or causes of action he may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

(i) Other Provisions of the Plan Not Elsewhere Described:

_____  Date: 4-15-13
Debtor Signature

_____  Date: _____
Joint Debtor Signature

_____  Date: 4-15-13
Cameron A. Metcalf
Attorney for Debtor(s)
ESPY, METCALF & ESPY, P.C.
P O Drawer 6504
Dothan, AL 36302-6504
(334) 793-6288